GRAHAM & MARTIN, LLP
Anthony G. Graham (State Bar No.148682)
Michael J. Martin (State Bar No. 171757)
2901 West Coast Highway, Suite 200
Newport Beach, California 92663
Tel.  (949) 270-2792
Fax. (949) 270-2793
anthonyggraham@msn.com

Attorneys for Plaintiff
DR. RICHARD SOWINSKI

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. RICHARD SOWINSKI,<br><br>                    Plaintiff,<br><br>      vs.<br><br>CALIFORNIA AIR RESOURCES<br>BOARD AND DOES 1-100,<br><br>                    Defendants. | NO.   3:18-cv-03979-LHK<br><br>NOTICE OF MOTION AND MOTION<br>FOR RECONSIDERATION<br>PURSUANT TO LOCAL RULE 7-18<br>AND FRCP RULE 60 OF COURT'S<br>SUA SPONTE ORDER DISMISSING<br>ACTION WITH PREJUDICE (Doc. 35).<br><br>JUDGE: HON. LUCY H. KOH<br>DATE: TBD<br>TIME: TBD |

PRINTED ON
RECYCLED PAPER

# <u>TABLE OF CONTENTS</u>

**I.     INTRODUCTION** …………………………………..2

**II.    JUDICIAL STANDARD** ……………………………... 4

**III.   LEGAL ARGUMENT** ………………………………... 5

A.      **THE ORDER MUST BE VACATED BECAUSE**
        **IT VIOLATES SUPREME COURT AND NINTH**
        **CIRCUIT PRECEDENT THAT RES JUDICATA**
        **CANNOT APPPLY TO** ………………………………..5

B.      **THE PATENT IS PRESUMPTIVELY VALID**
        **AND MUST BE EXAMINED BEFORE**
        **INVALIDATED** …………………………………..9

IV.    **CONCLUSION** …………………………………… 12

# TABLE OF AUTHORITIES

## CASES

*Cellar Door Prods., Inc. v. Kay,*
897 F. 2d 1375 (6th Cir.1990) . …………………………………… …8

*Coffin v. Ogden*,
85 U.S. 120 (1873) …………………………………………………11

*Colorado v. New Mexico*,
467 U.S. 310 (1984) ………………………………………………… .12

*Federated Dep't Stores, Inc. v. Moitie,*
452 U.S. 394 (1981) …………………………………………… 10

*Harkins Amusement Enters., Inc. v.*
*Harry Nace Co.*
890 F. 2d 181 (9th Cir.1989) ………………………………………… 6 *et seq.*

*Kingvision Pay-Per-View Ltd. v.*
*Lake Alice Bar*,
168 F.3d 347 (9th Cir. 1999) ………………………………………… . 4 *et seq.*

*Lawlor v. Nat'l Screen Serv. Corp.,*
349 U.S. 322 (1955) …………………………………………… . 2 *et seq.*

*Microsoft Corp. v. i4i Ltd. P'ship,*
131 S. Ct. 2238, 2250 (2011)………………………………………..10 *et seq.*

*Mumm v. Jacob E. Decker & Sons,*
301 U.S. 168, 171 (1937)  …………………………………………...11

*Price v. Seydel,*
961 F.2d 1470 (9th Cir. 1992) …………………………………………11

*Sch. Dist. No. 1J, Multnomah Cnty. v.*

*ACands, Inc.,*

5 F.3d 1255 (9th Cir. 1993) ……………………………………………..4

*State Contracting & Eng. Corp. v.*

*Condotte Am., Inc.*

346 F.3d. 1057 (Fed. Cir. 2003) ………………………………………. 11

*Storey v. Cello Holdings,*

347 F.3d 370 (2d Cir. 2003) ………………………………………... 2 *et seq.*

*Technomarine SA v. Giftports, Inc.*

No. 12-4174-cv (2nd Cir. 2003) ……………………………………...2 *et seq.*

*Ultramerical Inc. v. Hulu LLC,*

722 F.3d 1335 (Fed. Cir. 2013) …………………………………………...11

## **<u>STATUTES</u>**

35 U.S. Code § 282 ……………………………………………………2 *et seq.*

C.D. Cal. L.R. 7-18. …………………………………………………3 *et seq.*

California Welfare & Institutions Code

section 15610.30 ……………………………………………………1 *et seq.*

California Business & Professions

Code 17200…………………………………………………………1 *et seq.*

Plaintiff Dr. Richard Sowinski ("SOWINSKI") hereby moves, pursuant to Federal Rule 60(b), and Local Rule 7-18 of the Central District of California for leave to file a motion for reconsideration of this Court's *sua sponte* order, dated September 25, 2018, dismissing this patent infringement and action with prejudice on the grounds of *res judicata* based on a Court of Appeal decision in an earlier action involving a different time period.

This case involves claims for patent infringement,[1] "elder abuse" within the meaning of California Welfare & Institutions Code section 15610.30 and violations of California Business & Professions Code 17200.   Plaintiff Dr. Richard Sowinski ("SOWINSKI") contends that Defendant California Air Resources Board (hereinafter "Defendant" or "CAB"), infringed U.S. Patent 6,601,033 ("The Sowinski Patent"), and thereby violated his rights under Federal and California law and is claiming damages arising thereto after November 19, 2016, that is, after the damage period set forth in the prior action.

The Complaint contains substantive factual allegations that the Defendants are infringing that Patent TODAY and damaging Plaintiff Sowinski in the amount

---

[1] Plaintiff Sowinski owns all right, title, and interest to U.S. Patent Number 6,601,03 (the "SOWINSKI PATENT"), entitled "Pollution Credit Method Using Electronic Networks" (a true and correct copy of which is attached the Complaint). The SOWINSKI PATENT describes an electronic method and apparatus for validating individuals' applications for pollution reduction credits, assigning a value to the activity associated with each application, and facilitating trading between individuals.

PRINTED ON
RECYCLED PAPER

of tens of millions of dollars.  Unlike the prior action, this matter is confined to

violations taking place AFTER the date of the dismissal in the prior action.

Complaint in this action, ¶22.

The motion for leave should be granted since this Court's *sua sponte* Order

(i) violates the Supreme Court holding in *Lawlor v. Nat'l Screen Serv. Corp.*, 349

U.S. 322, 327-28 (1955) and the Ninth Circuit holding in *Harkins Amusement*

*Enters., Inc. v. Harry Nace Co.* 890 F. 2d 181, 183 (9th Cir.1989), and (ii)

Further, the Order denies Plaintiff his Due Process rights under the Constitution

and effectively purports to invalidate his presumptively valid Patent without ever

examining it, in further violation of well settled law.

## I.  INTRODUCTION

The grounds for this motion are that Plaintiff is entitled to relief from the

Court' *sua sponte* Order since Plaintiff can show "a failure to consider material

facts presented to the Court before such decision."

First, the sua sponte order dismisses the action brought by Plaintiff on the

grounds of *res judicata*.  **But** Plaintiff's action proceeds to seek damages for

continuing violations of his patent, as well as the other stated causes of action,

from the date of the earlier dismissal.  Defendant violates the patent on a yearly

basis when it runs the CARB Auction.  Complaint, ¶ 2 [CAB yearly runs a "Cap-

and-Trade Auction" (hereinafter referred to as the "AUCTION") to sell carbon

credits using a method directly and specifically modeled on the SOWINSKI

PATENT and which thereby directly infringes upon the SOWINSKI PATENT."]

The law on this matter is quite clear. This Court's *sua sponte* ruling must be

vacated since it violates the Supreme Court holding in *Lawlor v. Nat'l Screen*

*Serv. Corp.*, 349 U.S. 322, 327-28 (1955), which has been followed by the Ninth

Circuit, which holds as follows:

> That both suits involved 'essentially the same course of wrongful conduct'
> is not decisive. Such a course of conduct . . . may frequently give rise to
> more than a single cause of action . . . . While the [prior] judgment
> precludes recovery on claims arising prior to its entry**, it cannot be given**
> **the effect of extinguishing claims which did not even then exist and**
> **which could not possibly have been sued upon in the previous case**.

*Id.* at 327-28 (emphasis added).   Further, the Ninth Circuit, in *Harkins*

*Amusement Enters., Inc. v. Harry Nace Co.* 890 F. 2d 181, 183 (9th Cir.1989)

similarly held that "[f]ailure to gain relief for one period of time **does not mean**

**that the plaintiffs will necessarily fail for a different period of time**" and that

"[t]he defendants by winning [the prior action] **did not acquire immunity in**

**perpetuity from the antitrust laws**."   The same of course holds for the patent

laws.[2]

_____

[2] This view of *res judicata* is one held throughout the circuits.  See, *Storey v.*
*Cello Holdings* 347 F.3d 370, 583 (2d Cir. 2003) [held, a claim "arising
subsequent to a prior action . . . [is] not barred by res judicata" even if the new
claim is "premised on facts representing a continuance of the same 'course of

PRINTED ON
RECYCLED PAPER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Second,, the Order denies Plaintiff his Due Process rights under the Constitution and effectively purports to invalidate his presumptively valid Patent without ever examining it, omits numerous salient facts and ignores controlling authority in order to reach the prejudicial, spurious and untrue conclusion that Plaintiff's claims are barred by *res judicata*.

The motion should be granted.

## II.    JUDICIAL STANDARD

Under Rule 60(b), a party may bring a motion for relief from a judgment due to "mistake, inadvertence, surprise, excusable neglect… or misconduct by an opposing party… [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b). Absent unusual circumstances, reconsideration is appropriate only where the court is presented with newly discovered evidence, the court committed clear error or the decision was manifestly unjust, or there was an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The basis for relief may "include mistake and inadvertence

conduct.'"]; *Cellar Door Prods., Inc. v. Kay,* 897 F. 2d 1375, 1378 (6th Cir.1990) (concluding that "[e]ach time [an allegedly anticompetitive] arrangement precluded [plaintiff] from competitively bidding for an event, a cause of action may have accrued to" plaintiff); *Spiegel v. Continental Illinois Nat'l Bank,* 790 F. 2d 638, 644-46 (N.D. Ill.1986) (refusing to bar a second suit which, like the first suit, was based on allegations of mail fraud when two letters were mailed after the first action had been filed).

by the judge." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). Motions under Rule 60(b) are within the sound discretion of the district court. *Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir. 1992).

Local Rule 7-18 of the Central District of California supplements the Federal Rules, and states:

> A Motion for Reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the motion.

C.D. Cal. L.R. 7-18.

## II.   LEGAL ARGUMENT

### A.   THE ORDER MUST BE VACATED BECAUSE IT VIOLATES SUPREME COURT AND NINTH CIRCUIT PRECEDENT THAT RES JUDICATA CANNOT APPPLY TO CLAIMS ARISING AFTER THE PRIOR JUDGMENT.

This Court's *sua sponte* ruling must be vacated since it violates the Supreme Court holding in *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327-28 (1955), which has been followed by the Ninth Circuit, which holds as follows:

PRINTED ON
RECYCLED PAPER

That both suits involved 'essentially the same course of wrongful conduct' is not decisive. Such a course of conduct . . . may frequently give rise to more than a single cause of action . . . . While the [prior] judgment precludes recovery on claims arising prior to its entry, **it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case**. *Id.* at 327-28 (emphasis added).

The Ninth Circuit, in *Harkins Amusement Enters., Inc. v. Harry Nace Co.* 890 F. 2d 181, 183 (9th Cir.1989) similarly held that "[f]ailure to gain relief for one period of time does not mean that the plaintiffs will necessarily fail for a different period of time" and that "[t]he defendants by winning [the prior action] did not acquire immunity in perpetuity from the antitrust laws."].  This view of res judicata is one held throughout the circuits.  See, *Storey v. Cello Holdings* 347 F.3d 370, 583 (2d Cir. 2003) [held, a claim "arising subsequent to a prior action . . . [is] not barred by res judicata" even if the new claim is "premised on facts representing a continuance of the same 'course of conduct.'"]; *Cellar Door Prods., Inc. v. Kay,* 897 F. 2d 1375, 1378 (6th Cir.1990) (concluding that "[e]ach time [an allegedly anticompetitive] arrangement precluded [plaintiff] from competitively bidding for an event, a cause of action may have accrued to" plaintiff);  *Spiegel v. Continental Illinois Nat'l Bank,* 790 F. 2d 638, 644-46 (1986) (refusing to bar a second suit which, like the first suit, was based on allegations of mail fraud when two letters were mailed after the first action had been filed).

PRINTED ON
RECYCLED PAPER

In the prior action the District Court simply dismissed the action with prejudice after: (i) denying the Parties stipulation providing for a continued hearing date; then, (ii) relying on three of the recitations therein as somehow amounting to an "admission" or agreement that the motions could be dispositive; then, (iii) denying that part of the stipulation allowing Appellant to respond to the motions to dismiss or even have a hearing thereon; (iv) without even examining the Patent at issue and disregarding the established rule of the presumption of validity, instead (v) relying wholly on Local Rule 7-12, a discretionary rule used in regular cases when necessary to  expedite the litigation process, and making all assumptions in favor of dismissal despite the state and Federal interest in the protection of property and patent rights.

This Court, purely to lessen its caseload has chosen to use the prior dismissal as invalidating for all time all claims which Plaintiff could bring against Defendants.  That determination takes a prior injustice and simply relies on it to claim res judicata bars Plaintiff forever against these Defendants.  That determination is incorrect. Unlike the prior action, this matter is confined to violations taking place **AFTER** the date of the dismissal in the prior action.  *See*, Complaint in this action, ¶22.

As this Court knows *res judicata* **only** bars re-litigation between the parties or their privies of any issues "that were or could have been raised" in this action.

*See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).   However, as binding precedent of the Supreme Court and the Ninth Circuit hold, claims arising after the prior action **cannot be barred by res judicata**.  *See, e.g. Storey v. Cello Holdings,* 347 F.3d 370, 383 (2d Cir. 2003) (relying on *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327-28 (1955)] [When analyzing whether a claim is based on the same transaction or occurrence, courts must be mindful that a claim "arising subsequent to a prior action . . . [is] not barred by res judicata" even if the new claim is "premised on facts representing a continuance of the same 'course of conduct.'"]

The case of *Technomarine* SA v. Giftports, Inc. No. 12-4174-cv (@nd Cir. 2003) (attached hereto as Exhibit A) is instructive.  In that case the Second Circuit concluded that plaintiff's trademark infringement claim was not barred by claim preclusion because defendant allegedly committed new instances of trademark infringement **after** the prior dismissal, so that the claim based on the new acts of infringement could not have been litigated and were not released in the earlier proceeding. The court cited *Storey* to emphasize that a claim arising subsequent to a prior action is not barred by res judicata even if the new claim is premised on facts representing a continuance of the same course of conduct. The Court stressed that if the later conduct can support a cause of action on its own, it is the basis of a new cause of action not precluded by the earlier judgment.

This is consistent with the Supreme Court holding in *Lawlor*:

**That both suits involved "essentially the same course of wrongful conduct" is not decisive. Such a course of conduct -- for example, an abatable nuisance -- may frequently give rise to more than a single cause of action. And so it is here. The conduct presently complained of was all subsequent to the [earlier] judgment...** While the [earlier] judgment precludes recovery on claims arising prior to its entry, **it cannot be given the effect of extinguishing claims which did not even then exist, and which could not possibly have been sued upon in the previous case**.

*Lawlor, supra*, 349 U. S. 328 [footnotes omitted] [emphasis added]; *see also, ibid.* at 349 U. S. 328-329 ["**A different result is not required by the fact that the [earlier] complaint sought, in addition to treble damages, injunctive relief which, if granted, would have prevented the illegal acts now complained of**."]

Given that the Order directly conflicts with these binding precedents, this motion should be granted.

## B.   THE PATENT IS PRESUMPTIVELY VALID AND MUST BE EXAMINED BEFORE INVALIDATED

A district court may not invalidate a patent without examining the patent at issue, and must take into account the well-established rule that "every issued patent is presumed to have been issued properly, absent clear and convincing evidence to the contrary." 35 U.S.C. § 282; *Ultramerical Inc. v. Hulu LLC*, 722 F.3d 1335, 1338 (Fed. Cir. 2013); *Cf. State Contracting & Eng. Corp. v. Condotte*

*Am., Inc.* 346 F.3d. 1057, 1067 (Fed. Cir. 2003) ["A party seeking to establish that particular claims are invalid must overcome the presumption of validity in 35 U.S.C. § 282 by clear and convincing evidence.] .

In entering its Order, without allowing Plaintiff a hearing, which Defendants and others will argue invalidated the Patent, this Court wholly failed to take into account 35 U.S. Code § 282 which expressly states as follows:

> **In General.—A patent shall be presumed valid**. **Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims**; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. **The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity**. [emphasis added].

This statute is not ambiguous.  In any case involving a Patent the Court has **no right** to ignore this presumption.  This Court's Order literally fails to even mention this statute, or to in any manner attempt to evaluate the Patent or the claims in the Complaint to determine if they reach the appropriate standard needed to overcome that presumption. See, *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2243 (2011) [Supreme Court affirmed the standard of proof for patent invalidity under 35 U.S.C. § 282, holding the presumption of patent validity must

be overcome by clear and convincing evidence.][3]  **No such finding has been or could be made in this case, especially at this early stage.**

Instead the Court relies on a dismissal in a prior case of claims relating to the four years **prior** to the filing of **that** action, which was made solely on procedural grounds, to somehow find that Plaintiff may never bring a patent infringement action, or any other type of claim, against this infringer who may continue to take Plaintiff's property right and make tens of millions of dollars off that infringement with the blessing of this court.

Plaintiff is entitled to his property right in the Patent and cannot be denied that property right without due process of law whereby any invalidity argument must be proven by "clear and convincing evidence." "Although an exact definition is elusive, 'clear and convincing evidence' has been described as evidence that 'place[s] in the ultimate factfinder an abiding conviction that the truth of its factual

---

[3] The Court recognized, while patent validity is ultimately a question of law, claims of invalidity **rest on factual questions**. The Court interpreted the statutory language of "presumed valid" with its common-law meaning, which specifies a heightened standard of proof for an accused infringer raising an invalidity defense and **requires proof of the defense by clear and convincing evidence.** *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2250 (2011); *see Mumm v. Jacob E. Decker & Sons*, 301 U.S. 168, 171 (1937) ("Not only is the burden to make good this defense upon the party setting it up, but **his burden is a heavy one, as it has been held that every reasonable doubt should be resolved against him.**" (internal quotation marks omitted)); *Smith v. Hall*, 301 U.S. 216, 233 (1937) ("[T]he heavy burden of persuasion . . . rests upon one who seeks to negative novelty in a patent by showing prior use."); *Coffin v. Ogden*, 85 U.S. 120, 124 (1873).

PRINTED ON
RECYCLED PAPER

contentions are highly probable.'" *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007)(quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)). Moreover, in conducting an invalidity analysis, **each claim must be examined individually**. *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1370 (Fed. Cir. 2003).  That required process simply did not happen here.

## IV.   CONCLUSION

For all the reasons set forth herein, the Court should grant the motion for leave and allow Plaintiff to file a motion for reconsideration.

Date: October 5, 2018

_____/Anthony g. Graham

Anthony G. Graham
Attorneys for Plaintiff
Dr. Richard Sowinski

# EXHIBIT A

*12-4174-cv*
*TechnoMarine SA v. Giftports, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term 2013

Argued: December 4, 2013
Decided: July 15, 2014

No. 12-4174-cv

——————————————————

TECHNOMARINE SA,
*Plaintiff-Appellant,*

-v-

GIFTPORTS, INC., a New York Corporation,
*Defendant-Appellee,*

DOES 1 THROUGH 10,
*Defendants.*

——————————————————

Before:     LIVINGSTON and LOHIER, *Circuit Judges*, and STEIN, *District Judge.**

Appeal from a September 10, 2012, order of the United States District Court
for the Southern District of New York (Batts, *J.*), granting the Defendant-Appellee's

——————————————

* The Honorable Sidney H. Stein, of the United States District Court for the Southern
District of New York, sitting by designation.

1

motion to dismiss.  We consider whether an earlier litigation between the parties resolving, *inter alia*, claims of trademark infringement, bars the present suit over similar conduct occurring after the date of the settlement agreement that concluded the first litigation.  We determine that Plaintiff-Appellant's claims arising after the first litigation are not barred by *res judicata*.  Nonetheless, we affirm the order of the district court on the basis of its alternate holding that Plaintiff-Appellant failed to state a claim on which relief may be granted.  Further, we affirm the district court's denial of Plaintiff-Appellant's request for leave to amend its complaint a second time because Plaintiff-Appellant failed to indicate how further amendment would permit it to cure the deficiencies in the First Amended Complaint.

AFFIRMED.

BRENT HERBERT BLAKELY, Blakely Law Group, Hollywood, CA, *for Plaintiff-Appellant*.

WILLIAM THOMASHOWER (Rachel Schwartz, Carla Sereny, *on the brief*), Schwartz & Thomashower LLP, New York, NY, *for Defendant-Appellee*.

DEBRA ANN LIVINGSTON, *Circuit Judge*:

We consider whether a prior litigation between the parties  resolving claims of trademark infringement and other unfair business practices, and stemming from earlier conduct, bars the present suit of Plaintiff-Appellant TechnoMarine SA ("TechnoMarine" or "Plaintiff") over similar conduct that occurred after the settlement of the earlier suit.  The district court (Batts, *J.*) granted a motion to dismiss by Defendant-Appellant Giftports, Inc. ("Giftports" or "Defendant"), holding that TechnoMarine's claims are barred by *res judicata* and, in the alternative, that

2

TechnoMarine has failed to state a claim.  The district court denied Plaintiff leave to amend its complaint a second time on the ground that it would be futile in light of the *res judicata* bar.  We conclude that *res judicata* does not bar the alleged trademark and other unfair business practice claims that arose *after* the original settlement agreement between the parties.  Nonetheless, we affirm the dismissal of the complaint on the basis of the district court's alternate holding that TechnoMarine has failed to state a claim upon which relief may be granted.  We also affirm the district court's denial of Plaintiff's request to amend its complaint because Plaintiff has failed to indicate how further amendment would cure its pleading deficiencies.

## BACKGROUND[1]

### A.  Parties

TechnoMarine is a Swiss designer, manufacturer, and distributor of watches, and it holds various trademark and copyright registrations for its word mark, logo, and watch dial.  TechnoMarine has sold hundreds of millions of dollars of watches

---

[1] The factual background presented here is drawn from the allegations of TechnoMarine's First Amended Complaint, which we accept as true for the purposes of our review of a motion to dismiss, *see Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 107 (2d Cir. 2012), and from TechnoMarine's Second Amended Complaint and settlement agreement in *TechnoMarine SA v. Giftports Inc., et al.*, No. 08-Civ-10911 (S.D.N.Y. filed December 20, 2008).

3

globally.  TechnoMarine closely controls distribution and sale of its watches through authorized dealer agreements that expressly prohibit dealers from transshipping and selling TechnoMarine watches to unauthorized third-party retailers.

Giftports is a New York corporation that sells premium brand watches at discounted prices on the internet.  Giftports is not an authorized retailer for TechnoMarine watches but, nonetheless, Giftports has "purchased, advertised, offered for sale, and/or sold watches bearing the TechnoMarine marks on its website."

**B. Prior Litigation and Settlement**

In December 2008, TechnoMarine brought a prior suit against Giftports in the District Court for the Southern District of New York (Kaplan, *J.*).  In March 2009, TechnoMarine filed a second amended complaint in that case, bringing three causes of action:

1. Copyright infringement under 17 U.S.C. § 101 *et seq.*, based on Giftports's alleged unauthorized use of photographs of TechnoMarine brand watches;

2. Unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), based on allegations that Giftports intended purchasers to believe it was "an authorized source for TechnoMarine watches" and that Giftports was selling TechnoMarine watches "without the benefit of the warranty and after sales service that TechnoMarine provide[s] for such products"; and

3.      Alleged interference with TechnoMarine's contractual relations
        with "authorized retailers and/or distributors."

The parties resolved this earlier case through a "Litigation Settlement Agreement and Mutual Release" ("Settlement Agreement") that was executed on April 24, 2009.  Pursuant to the Settlement Agreement, the parties submitted to the district court a stipulation of dismissal with prejudice, which was entered on April 27, 2009.

In the Settlement Agreement, Giftports agreed to pay TechnoMarine  $5,000 and TechnoMarine agreed to dismiss the action with prejudice.  Giftports represented in the Settlement Agreement that it had "ceased all use of any copies of Plaintiff's Copyrighted Work . . . at least as of January 16, 2009."[2]  The Settlement Agreement made clear that it should not be construed "as a license, implied or otherwise, by and between Plaintiff and Defendant to use the Copyrighted Work."

Giftports denied any intentional infringement of TechnoMarine's rights in the Settlement Agreement, and the agreement was altogether silent as to whether the conduct alleged by TechnoMarine was unlawful.  Neither party admitted liability or wrongdoing.  The agreement's release of liability was broad and unqualified,

---

[2] "Copyrighted Work" was defined in the agreement to denote "Copyright Registration No. TX 6-857-826 for the 2008 Online TechnoMarine Watch Catalog."

5

providing that the parties agreed, in pertinent part, to:

> release . . . one another . . . from any and all liability, . . . causes of
> action, suits or obligations of any nature, . . . whether known or
> unknown, . . . which the parties . . . now have, may have or may
> hereafter assert against one another, relating to the claims alleged in the
> Civil Action or arising from the facts alleged therein . . . .

J.A. 70.

## C.  Present Litigation

More than two and a half years after the 2009 settlement, TechnoMarine brought the present action against Giftports.[3]  In its First Amended Complaint, filed in April 2012, TechnoMarine asserted six causes of action:

1. Trademark infringement, pursuant to 15 U.S.C. § 1114;

2. False designation of origin, pursuant to 15 U.S.C. § 1125(a);

3. Trademark dilution, pursuant to 15 U.S.C. § 1125(c);

4. Tortious interference with contractual relations;

5. Common law unfair competition; and

6. Copyright infringement, pursuant to 17 U.S.C. § 501.

---

[3] TechnoMarine filed its initial complaint in this second action on December 28, 2011. On March 28, 2012, Giftports moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rather than responding to this motion to dismiss, TechnoMarine filed an amended complaint, dated April 19, 2012.

1   The conduct alleged to be unlawful, according to TechnoMarine's amended

2   complaint in this case, is similar to the conduct that TechnoMarine alleged to be

3   unlawful in its first, previously settled lawsuit.  The gravamen of TechnoMarine's

4   complaint in this case is that Giftports – although not an authorized retailer –

5   purchased and sold watches bearing TechnoMarine marks on its website.  The

6   complaint alleges that it is "reasonable to conclude" that these watches are "either

7   counterfeit" or they were "obtained from entities who are [contractually] prohibited

8   from selling" these watches to Giftports.  These allegations are, in substance,

9   additional instances of the same type of conduct alleged in the litigation settled in

10   2009.  Nonetheless, the First Amended Complaint in the present case inexplicably

11   fails to mention the previous lawsuit and settlement.  Further, it does not distinguish

12   between conduct that occurred prior to, as compared to following, the previous

13   litigation between the parties.

14       Giftports moved in the district court to dismiss TechnoMarine's First

15   Amended Complaint in May 2012.  TechnoMarine opposed the motion; additionally,

16   it requested leave to amend "[i]n the event [the district court found] that Plaintiff's

17   allegations are insufficient to sustain any of its claims."  In September 2012, the

18   district court granted the motion to dismiss, holding that Plaintiff's claims are barred

7

1    by *res judicata* due to TechnoMarine's 2009 lawsuit and settlement.  It alternatively

2    held, under Rule 12(b)(6), that TechnoMarine failed to state a valid cause of action

3    for any of its claims.  The district court also denied Plaintiff's request for leave to

4    amend its complaint a second time, ruling that any amendment would be futile in

5    light of the district court's *res judicata* holding.  Judgment was entered on September

6    18, 2012, and TechnoMarine filed this timely appeal.

7                                   **DISCUSSION**

8          We review *de novo* the dismissal of a complaint under Rule 12(b)(6), accepting

9    all allegations in the complaint as true and drawing all inferences in favor of the

10   plaintiff.  *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).  Our review of a district

11   court's application of *res judicata* is also *de novo*.  *Duane Reade, Inc. v. St. Paul Fire &*

12   *Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010).  A court may consider a *res judicata*

13   defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to

14   the plaintiff's complaint, documents attached or incorporated therein, and materials

15   appropriate for judicial notice. *See, e.g.*, *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.

16   1992) ("[W]hen all relevant facts are shown by the court's own records, of which the

17   court takes notice, the defense [of *res judicata*] may be upheld on a Rule 12(b)(6)

18   motion without requiring an answer.").

I.

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) (brackets and internal quotation marks omitted). "To prove the affirmative defense [of *res judicata*] a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

The first two elements of this test are satisfied and are not in dispute here.[4] The only issue in this appeal is the third element – whether "the claims asserted" in this action "were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285. Whether a claim that was not raised in the previous action could have been raised therein "depends in part on whether the same transaction or connected series

_____

[4] The earlier litigation was between the same two parties and was resolved in 2009 by a settlement agreement, which is generally considered a judgment on the merits. *See Greenberg v. Bd. of Governors of the Fed. Reserve Sys.*, 968 F.2d 164, 168-70 (2d Cir. 1992).

9

of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992) (internal quotation marks omitted). To determine whether two actions arise from the same transaction or claim, we consider "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (internal quotation marks omitted).

When analyzing whether a claim is based on the same transaction or occurrence, courts must be mindful that a claim "arising subsequent to a prior action . . . [is] not barred by *res judicata*" even if the new claim is "premised on facts representing a continuance of the same 'course of conduct.'" *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 383 (2d Cir. 2003). This is because, as the Supreme Court has directed:

> That both suits involved 'essentially the same course of wrongful conduct' is not decisive. Such a course of conduct . . . may frequently give rise to more than a single cause of action. . . . While the [prior] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even

10

1   then exist and which could not possibly have been sued upon in the
2   previous case.
3
4   *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327-28 (1955).

5   We have explained that this "unremarkable principle" can be complicated by

6   the "at-times-difficult determination of what degree of conduct" following the first

7   judgment is necessary to give rise to a new "claim."  *Storey*, 347 F.3d at 383.  As

8   relevant here, our precedent provides two categories of cases where post-judgment

9   conduct constitutes a new claim falling outside the parameters of claim preclusion.

10   The first category is straightforward: when post-judgment conduct is

11   sufficient to state a cause of action on its own – without the need to incorporate facts

12   that preceded the first suit – the later course of conduct underlying the second suit

13   gives rise to a new cause of action that is not barred by *res judicata.  See Storey*, 347

14   F.3d at 384 ("Where the facts that have accumulated after the first action are enough

15   on their own to sustain the second action, the new facts clearly constitute a new

16   'claim,' and the second action is not barred by *res judicata*.").

17   We have, therefore, held that a settlement for fraud in the sale of securities

18   from 1975 to 1979 "is not the same as the claim that [the defendant] defrauded

19   customers in the sale, purchase, and repurchase of other securities" in later years.

11

*SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1464 (2d Cir. 1996).  Similarly, we have held that suits over later breaches of contract, financial transactions, and ship voyages are not barred by claim preclusion, even if the plaintiffs previously brought suit over earlier instances of this same conduct.  *See Prime Mgmt. Co. v. Steinegger*, 904 F.2d 811, 816 (2d Cir. 1990) (prior action did not preclude later suit regarding breaches of contract that occurred subsequent to the filing of a prior suit); *see also Greenberg*, 968 F.2d at 168-70 (prior actions regarding earlier financial transactions did not preclude later suit over later financial transactions); *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90-91 (2d Cir. 1997) (prior suit regarding pilots' fees in previous voyages did not preclude a subsequent suit regarding pilots' rights in ocean voyages occurring after those underlying the first suit).

"Claims arising subsequent to a prior action," based on conduct occurring after the commencement of the earlier suit, and sufficient to state a cause of action without the need to incorporate facts preceding the first suit "need not, and often perhaps could not, have been brought in that prior action," and so are not barred by *res judicata* "regardless of whether they are premised on facts representing a

continuance of the same 'course of conduct.'" *Storey*, 347 F.3d at 383.[5]  To be clear,

when a defendant commits repeated acts, each of which can independently support

a cause of action, claim preclusion principles *will* require plaintiffs seeking relief as

to all of the defendant's conduct to bring together the causes of action that have

already arisen when the litigation commences, provided that such acts are based on

the same connected series of transactions.  Thus, if a party sues for a breach of

contract, "*res judicata* will preclude the party's subsequent suit for any claim of

breach that had occurred *prior* to the first suit."  *Prime Mgmt.*, 904 F.2d at 816

---

[5] Our decision in *Berlitz Schools of Languages of America, Inc. v. Everest House*, 619 F.2d 211 (2d Cir. 1980), is not to the contrary.  There, in a dispute between the Berlitz Schools of Languages and Charles Berlitz, a grandson of the Schools' founder, the plaintiffs obtained a state court judgment against Charles Berlitz and the other defendants declaring that the defendants could not use the name Berlitz as part of the name of a foreign language teaching text or as part of the name of a publishing company preparing foreign language materials, but that Charles Berlitz could identify himself as the editor or author of foreign language materials, so long as he made it clear that he was not connected with plaintiffs.  *Id.* at 213.  In a subsequent suit, the state court rejected the plaintiffs' claim that Charles Berlitz had violated the declaratory judgment when he listed himself as an author of a foreign language textbook and included the disclaimer that "[s]ince 1967, Mr. Berlitz has not been connected with the Berlitz Schools in any way."  *Id.* at 214.  This Court determined, in a subsequent litigation involving another set of instructional books with a substantially identical use of the Berlitz name and disclaimer, that the district court had properly granted summary judgment.  *Id.* at 215.  Although we cited both *res judicata* and collateral estoppel principles, our decision, properly read, rested on collateral estoppel: that given the "minuscule" differences between "the legend of Charles Berlitz's name and the disclaimer" on the new series as opposed to the legend and disclaimer on the preceding one, "there [were] no issues with respect to plaintiffs' [federal] claims which ha[d] not been determined" in the earlier state proceedings.  *Id.* at 215-16.

(emphasis added).  *Res judicata* will not, however, "bar a subsequent suit for any breach that had not occurred when the first suit was brought."  *Id.*; *see also* Restatement (Second) of Judgments § 24 cmt. d (1982) ("When a person trespasses daily upon the land of another for a week, although the owner of the land might have maintained an action each day, such a series of trespasses is considered a unit up to the time when action is brought.  Thus if in the case stated the landowner were to bring suit on January 15, including in his action only the trespass on January 10, and obtain a judgment, he could not later maintain an action for the trespasses on January 11 through January 15.").  "If a defendant engages in actionable conduct after a lawsuit is commenced, the plaintiff may seek leave to file a supplemental pleading [under Rule 15(c)] to assert a claim based on the subsequent conduct." *First Jersey Sec.*, 101 F.3d at 1464.  But the plaintiff "is not required to do so, and his election not to do so is not penalized by application of res judicata to bar a later suit on that subsequent conduct."  *Id.*

That brings us to the second type of case in which we have analyzed whether conduct relating to but occurring after commencement of an earlier litigation gives rise to a new claim so as to fall outside the parameters of *res judicata*.  When a subsequent action involves a claim over "ongoing conduct" and it relies on facts that

14

occurred both before and after the earlier action commenced, claim preclusion will not bar a suit, we have said, "based upon legally significant acts occurring *after* the filing of a prior suit that was itself based upon earlier acts." *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 113 (2d Cir. 2000).  Our case law provides guidance as to what acts are "legally significant."

In *Waldman*, the plaintiff, in his earlier action ("*Waldman I*"), sued the Village of Kiryas Joel, New York, for discriminatory enforcement of the zoning code and constitutional violations related to the provision of public housing.[6]  *Id.* at 107.  In the plaintiff's later action, in which he accused the Village of "excessive entanglement with religion" and argued that "the Village government is little more than an extension of the Congregation Yetev Lev . . . , the dominant religious body in the Village," Waldman sought dissolution of the Village under the Establishment Clause.  *Id.* at 107-08.  Waldman's later suit (brought only a few months after the settlement in *Waldman I*) relied on allegations of conduct taking place *before* the earlier action was commenced, in addition to some new post-settlement conduct.

As we have said, "claim preclusion may apply where some of the facts on

---

[6] In fact, two prior related suits had been filed against the Village.  Because Waldman was not a plaintiff in the first action, the *Waldman* Court referred to the second of these suits as "*Waldman I*."  The two earlier actions in *Waldman* were settled jointly.

15

which a subsequent action is based post-date the first action but do not amount to

a new claim." *Storey*, 347 F.3d at 384.  In *Waldman*, we determined that:

> it is simply not plausible to characterize Waldman's claim as one based
> in any significant way upon the post-*Waldman I* facts.  The new
> allegations made in the present complaint do not, either by themselves
> or to any degree not already demonstrated by the overlapping facts,
> establish the sort of pervasive and otherwise irremediable
> entanglement between church and state that would justify a drastic
> remedy like the dissolution of the Village. . . . We conclude that, in
> seeking the dissolution of [the Village], Waldman has based his action
> principally upon the common nucleus of operative facts shared with
> *Waldman I.*

*Waldman,* 207 F.3d. at 113.  Accordingly, we held that the facts post-dating the first

action did "not create a 'new' cause of action that did not exist when the prior suits

were brought" and that Waldman's Establishment Clause claim was barred by *res*

*judicata*.  *Id.* at 112.  We expressly noted, however, that this was not to hold "that a

series of future actions evincing an enduring and all-encompassing domination of

the Village government by the Congregation could not at some point suffice to

create a *new* cause of action for the dissolution of the Village."  *Id.* at 113.  "[A]t some

point," as we said, "repetition of the same or similar acts" may result in a later claim,

"based, as it would be, primarily upon a cumulation of events occurring after the

first suit."  *Id.* at 114.  But Waldman could not "use the mere inclusion of a few post-

16

1    *Waldman I* Village acts . . . to resurrect a claim, grounded almost entirely upon . . .

2    events [preceding the prior litigation]." *Id.*

3                                                      II.

4            Applying the framework that these cases establish, we conclude that the

5    district court erred in its application of claim preclusion principles.  Little aided by

6    TechnoMarine's inartful complaint (which fails to allege when particular conduct

7    occurred or to differentiate between pre- and post-settlement conduct), the district

8    court failed to consider whether TechnoMarine alleges *new* conduct occurring after

9    the settlement that is sufficient to state one or more new causes of action.[7]  Because

10   we conclude that at least as to its trademark infringement claim, TechnoMarine's

11   complaint is properly read at this stage of the litigation to assert liability based on

12   *new*, post-settlement conduct, this claim, and perhaps others, are "not barred by *res*

13   *judicata*" even though "premised on facts representing a continuance of the same

_____

1    [7] As we have said, the *res judicata* bar is normally inoperative with regard to the
2    defendant's actionable conduct occurring after an earlier suit *commences*, provided that the
3    plaintiff does not act to bring post-commencement claims within the scope of his earlier
4    suit.  *See First Jersey Sec.*, 101 F.3d at 1464.  Here, however, the parties' Settlement
5    Agreement brings within its ambit (and thus the ambit of the first litigation) claims existing
6    as of the date of settlement and arising from the facts alleged in the original complaint.  *See*
7    *Greenberg*, 968 F.2d at 169 (noting that a settlement agreement "can only have the preclusive
8    [e]ffect that the parties to the settlement intended to give it").  Thus, the operative date for
9    *res judicata* purposes is the date of the settlement.

17

1   'course of conduct.'"  *Storey*, 347 F.3d at 383.

2        TechnoMarine's trademark infringement claim is not barred by claim

3   preclusion because Giftports allegedly committed new instances of trademark

4   infringement after the settlement, so that the present claim, to the extent based on

5   the new acts of infringement, was not and could not have been litigated in the earlier

6   proceeding.  As noted in the district court's opinion, TechnoMarine, in its opposition

7   to Giftports's motion to dismiss, argued that the present action "involves

8   infringements on [its] 2010/2011 line of watches."  Although the complaint does not

9   provide dates for the allegedly infringing conduct, drawing all inferences in

10  TechnoMarine's favor, as we must do on review of a motion to dismiss, the

11  complaint is fairly read to allege a course of conduct by Giftports that was ongoing

12  as of April 19, 2012, the date of the complaint.  Because TechnoMarine's complaint

13  alleges supposedly unlawful conduct involving the 2010/2011 line of watches, which

14  would have occurred after the 2009 settlement and judgment, TechnoMarine can

15  support a claim for trademark infringement of the 2010/2011 line of watches based

16  on the new allegedly infringing conduct.  As a result, this cause of action is not

18

barred by claim preclusion.[8]

The district court's misapplication of claim preclusion principles may have resulted from a misreading of our decision in *Waldman*. There, we noted in passing that the plaintiff in that case asserted "nothing more than additional instances of what was previously asserted." *TechnoMarine S.A. v. Giftports, Inc.*, No. 11 Civ. 9643(DAB), 2012 WL 3964734, at *5 (S.D.N.Y. Sept. 10, 2012) (citing *Waldman*, 207 F.3d at 113); *see also Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, No. 11 Civ. 5523(LTS), 2012 WL 4450992, at *4 (S.D.N.Y. Sept. 25, 2012) (citing *Waldman*, 207 F.3d at 113). But *Waldman* did not hold that claims that are based on conduct that takes place after an earlier litigation are barred by *res judicata* simply because the conduct is similar to prior acts that took place before the earlier litigation. Our precedent makes clear that if the later conduct can support a cause of action on its

---

[8] Any claim for trademark infringement occurring *before* the settlement of the 2009 litigation, however, is barred by *res judicata* because it either was or could have been brought in the first litigation. But the fact that the complaint includes allegations of pre-judgment conduct, which are barred, does not mean the allegations of post-judgment infringing conduct are also barred. As for TechnoMarine's causes of action for trademark dilution, false designation of origin, tortious interference, and unfair competition, these causes of action, too, are not precluded if based on either: (1) new facts sufficient to state a claim on their own without the need to incorporate facts that preceded the first suit; or (2) "legally significant acts" such that the later claim represents a new cause of action, even if based to some degree on earlier conduct. Given our conclusion, *infra*, that the complaint was properly dismissed on alternative grounds, we need not decide whether these claims are barred.

1    own, it is the basis of a new cause of action not precluded by the earlier judgment.

2    The contrary conclusion – that a plaintiff such as TechnoMarine *is* precluded

3    from bringing suit for alleged *new* trademark violations because the parties

4    previously settled a suit over earlier, similar conduct – violates basic claim

5    preclusion principles.  A simple hypothetical may help explain this point.  Assume

6    that a plaintiff sues a defendant for trademark infringement occurring from 2010 to

7    2012.  After trial, the court grants the plaintiff judgment and money damages.  Two

8    years following this judgment, in 2014, the defendant again infringes upon the same

9    trademark, and in a similar way.  Under Giftports's reasoning, claim preclusion

10   would prohibit the plaintiff from suing again.  The earlier judgment against the

11   defendant – determining that it violated plaintiff's trademark rights from 2010 to

12   2012 – would in effect immunize the defendant against all suits concerning

13   infringements of the same trademark in a similar way.  This is not the law of claim

14   preclusion.

15   Giftports nonetheless asserts that TechnoMarine's claims should be precluded

16   here for two reasons.  First, Giftports argues that the Settlement Agreement between

17   the parties prohibits this suit.  Second, Giftports posits that TechnoMarine's request

18   for, and failure to obtain, an injunction has preclusive effect.  Neither argument is

20

1    persuasive.

2    First, the prior settlement between the parties does not preclude this suit.  A

3    settlement, just like a judgment, does not ordinarily bar claims that have not yet

4    accrued.  The parties could *agree* to extinguish future claims, but TechnoMarine and

5    Giftports did no such thing here.  They agreed only to release liability "relating to

6    the claims alleged in the Civil Action or arising from the facts alleged therein."  The

7    stipulation of dismissal in this case, moreover, made clear that it did not extinguish

8    claims that did not yet exist.  J.A. 75, 187 ("[A]ll claims that were or could have been

9    asserted [in this action] shall be dismissed with prejudice . . . ."). The Settlement

10   Agreement is silent as to future conduct by either party that may violate the same

11   statutory or common law rights.  But it does make clear that it is not a license for

12   Giftports to use TechnoMarine's intellectual property in the future.

13   Giftports's second argument – that TechnoMarine should be precluded from

14   suing over future conduct because it failed to obtain an injunction prohibiting this

15   future conduct – is also unavailing.  Courts may deny requests for injunctive relief,

16   an equitable remedy, for various reasons unrelated to the validity of the plaintiff's

17   claim.  For example, a request for an injunction will be denied when remedies

18   available at law, such as monetary damages, are adequate to compensate for the

21

1    injury, or the public interest would be disserved by a permanent injunction.  *See*

2    *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  A district court may deny

3    injunctive relief, moreover, when there is little evidence of likelihood of future

4    violations.  *Cf. SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1100 (2d Cir. 1972)

5    (noting, in the context of securities violations, that "[t]he critical question for a

6    district court in deciding whether to issue a permanent injunction . . . is whether

7    there is a reasonable likelihood that the wrong will be repeated").[9]  As a result, the

8    failure of a plaintiff to obtain (or even seek) an injunction does not preclude it from

9    bringing suit for *later* instances of similar unlawful conduct.

10       Finally, we reject Giftports's policy argument – that if we decline to find claim

11    preclusion here, we will encourage seriatim lawsuits.  A putative defendant is

12    protected from seriatim lawsuits through the ordinary operation of claim preclusion,

13    issue preclusion, and settlement.  First, claim preclusion principles incentivized

14    TechnoMarine to bring all of its causes of action involving the same transaction or

15    connected series of transactions and arising *before* commencement of its first

16    litigation in that first suit, and prohibited it from splitting these causes of action into

---

1    [9] A plaintiff may also elect not to seek an injunction because he reasonably assumes
2    the defendant will comply with the law going forward.

22

1    multiple suits.  But TechnoMarine did not bring suit, and could not have done so,

2    for causes of action that had not yet arisen.  Second, if Giftports had litigated the

3    previous action until final judgment and obtained a favorable determination

4    regarding the legality of its conduct, absent a crucial intervening change of

5    circumstances, issue preclusion would have precluded TechnoMarine from litigating

6    again the issue of whether Giftports's course of conduct was lawful.  Similarly, in

7    the Settlement Agreement resolving the first litigation, Giftports could have

8    expressly resolved claims over future conduct.  Our decision today thus in no way

9    opens the door to seriatim lawsuits.  We merely hold, in accordance with well-

10   settled precedent, that TechnoMarine's earlier settlement does not preclude it from

11   bringing later claims over new conduct giving rise to causes of action that did not

12   exist at the time of the settlement.

13                                          III.

14         We next address the district court's alternative holding that TechnoMarine

15   failed to state a claim.  "To survive a motion to dismiss, a complaint must contain

16   sufficient factual matter, accepted as true, to state a claim to relief that is plausible

17   on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

18   omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets, citations, and internal quotation marks omitted).

The district court reviewed each of Plaintiff's claims and the facts alleged in its complaint and determined that TechnoMarine failed plausibly to plead its claims for trademark infringement, false designation of origin, trademark dilution, tortious interference, unfair competition, or copyright infringement.  We have undertaken an independent review, and find no error in the district court's analysis. TechnoMarine's complaint did not permit the district court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and accordingly, Plaintiff has not raised its "right to relief above the speculative level," *Twombly*, 550 U.S. at 555.  We therefore affirm the district court's dismissal of plaintiff's First Amended Complaint for failure to state a claim.

TechnoMarine argues, finally, that the district court's denial of its request for leave to amend its complaint should be reversed.  The district court denied plaintiff leave to amend on the grounds that curing its substantive pleading deficiencies would be futile in light of the *res judicata* bar.  As we have made clear, *res judicata*

24

does not bar (at a minimum) TechnoMarine's trademark infringement claim.  We nonetheless affirm the district court's denial of leave to amend because TechnoMarine has not indicated how it could cure its pleading deficiencies.

Under Rule 15(a), "leave to amend 'shall be freely given when justice so requires.'" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)).  "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, . . . in which case we review the legal conclusion *de novo*."  *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).  Leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy*, 482 F.3d at 200 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint.  *See, e.g.*, *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 n.71 (2d Cir. 2014) (denying leave to amend where "plaintiffs have identified no additional facts or legal theories – either on appeal or to the District Court – they might assert if given leave to amend"); *Porat v. Lincoln*

*Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam) ("A counseled plaintiff is not necessarily entitled to a remand for repleading whenever he has indicated a desire to amend his complaint, notwithstanding the failure . . . to make a showing that the complaint's defects can be cured."); *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53-54 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.").  Moreover, even where a legal error undergirds a district court's decision to deny leave to amend, this Court can affirm the denial of leave on alternate grounds.  *See Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 491 (2d Cir. 2011) (affirming despite the fact that the court could not "affirm the denial of Plaintiffs' motion to amend on the futility ground cited by the district court," because amendment would be futile for other reasons); *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726-27 (2d Cir. 2010).

Here, Plaintiff already amended its complaint once following Defendant's first motion to dismiss for failure to state a claim.  TechnoMarine failed to resolve its pleading deficiencies in its First Amended Complaint.  In its request to amend this complaint below and in its brief here, moreover, TechnoMarine has entirely failed to specify how it could cure its pleading deficiencies.  We therefore affirm the

1    district court's denial of Plaintiff's request further to amend the complaint and its

2    decision to grant the motion to dismiss with prejudice.  *See Porat*, 464 F.3d at 276.

3                                      **CONCLUSION**

4            To summarize: TechnoMarine's complaint, contrary to the district court's

5    determination, is not barred *in toto* by claim preclusion.  We nonetheless affirm the

6    district court's grant of Giftports's motion to dismiss based on the district court's

7    alternative holding that the complaint fails to state a claim upon which relief may

8    be granted.  As for TechnoMarine's request to amend, although amendment would

9    not be futile on claim preclusion grounds, TechnoMarine failed both in the district

10   court and on appeal to specify how a second amendment would allow it to cure its

11   pleading deficiencies.   Accordingly, we affirm the district court's denial of

12   TechnoMarine's request for leave to amend.

13           For the foregoing reasons, the judgment of the district court is hereby

14   AFFIRMED.

15

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this case.   I am a resident of or employed in the county where the mailing occurred.   My business address is 2901 West Coast Highway, Suite 200, Newport Beach, California 92663.

I SERVED THE FOLLOWING:

1.)     Plaintiff's Motion for Leave to File Motion for Reconsideration.

by sending via electronic service as agreed by the parties to the person whose name, and address and email address is shown below:

NAME AND ADDRESS OF EACH PERSON TO WHOM DOCUMENTS WERE SERVED ELECTRONICALLY AS AGREED BY THE PARTIES:

Attorneys for Defendant

California Air Resources Board

XAVIER BECERRA
Attorney General of California
DAVID A. ZONANA
Supervising Deputy Attorney General
JONATHAN WIENER
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3549
Fax: (415) 703-5480
E-mail: Jonathan.Wiener@doj.ca.gov


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 5, 2018                    _____/Lisa Martin_____